# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL WATCHMAN INC., | Case No. 1:19-cv-2310 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge David A. Ruiz |
| BARTON WATCHBANDS HOLDCO, LLC, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Defendant Barton Watchbands Holdco, LLC seeks to stay this matter pending resolution of proceedings before the Trademark Trial and Appeal Board involving the trademark that forms the basis of the dispute between the parties. (ECF Nos. 51, 63 & 67.) Plaintiff International Watchman Inc. opposes a stay. (ECF Nos. 50, 64 & 68.) For the reasons set forth below, Barton Watchbands' request to stay is **DENIED**.

## STATEMENT OF FACTS

Barton Watchbands' request to stay is based on the relationship between the allegations Plaintiff makes in this case and those in proceedings before the Trademark Trial and Appeal Board ("TTAB"), a branch of the United States Patent and Trademark Office. Among other duties, it administers cancellation proceedings "in which the plaintiff seeks to cancel an existing registration, in whole or in part." (ECF No. 51, PageID #345 (citing TBMP § 102.02).) Barton Watchbands argues

several TTAB proceedings involving Plaintiff's trademarks merit a stay of this litigation.

### A. Plaintiff's Allegations

International Watchman is an Ohio corporation that claims to be "very well known as a supply of watches and watch strap [*sic*]," among other products, sold under its NATO brand. (ECF No. 1, ¶ 13, PageID #6.) Plaintiff has federally registered its "NATO" mark and claims Barton Watchbands violated the mark in several ways. (*Id.*, ¶ 17.) According to the complaint, Barton Watchbands sells "at least forty seven [*sic*] (47) different watch straps advertised and/or described as 'NATO' watch straps." (*Id.*, ¶ 21.) Based on these allegations, Plaintiff seeks injunctive and monetary relief for trademark infringement under federal law and for unfair competition under State law. (*Id.*, ¶¶ 64–77, PageID #13–16.)

### B. TTAB Proceedings

#### B.1. *Watching Time* Cancellation Proceeding

When the complaint was filed, there was one cancellation proceeding related to Plaintiff's mark pending before the TTAB. (ECF No. 51, PageID #345 (citing *Watching Time, LLC v. International Watchman*, Cancellation No. 92067341).) The *Watching Time* action was filed November 18, 2017 and seeks cancellation of Plaintiff's mark on the grounds it (1) is or has become generic; (2) falsely suggests a connection with the North Atlantic Treaty Organization; and (3) was obtained fraudulently. *Watching Time*, 1 TTABVUE 1–7 (Petition for Cancellation).

### B.2. *ToxicNATOS* and *Barton Watchbands* Cancellation Proceedings

In addition to the *Watching Time* cancellation proceeding, former Defendant ToxicNATOS filed a cancellation proceeding related to the mark on December 3, 2019. (ECF No. 51, PageID #345 (citing *ToxicNATOS Ltd. v. International Watchman, Inc.*, Cancellation No. 92072930).) On March 23, 2020, after Plaintiff initiated this lawsuit, Barton Watchbands commenced a third cancellation proceeding related to the mark. (ECF No. 51-1.) But the TTAB suspended the *ToxicNATOS* and *Barton Watchbands* cancellation proceedings pending this litigation. (ECF No. 51, PageID #345; ECF No. 63, PageID #477.)

### B.2. Plaintiff's TTAB Appeals

International Watchman initiated several *ex parte* appeals to the TTAB regarding the Patent and Trademark Office's rejection of Plaintiff's applications to register "NATO" and/or "N8O" in various capacities. (ECF No. 67, PageID #523–24.) The Trademark Office denied Plaintiff's application to register "N8O" for watches, watchbands, and watchstraps based in part on a finding of genericness. (ECF No. 67-1, PageID #535.) Plaintiff's appeal of that decision is suspended pending the *Watching Time* cancellation proceeding. (ECF No. 67-2.)

Also pending are Plaintiff's seven appeals to the TTAB regarding the Trademark Office's rejection of its applications to register "NATO." (ECF No. 67-3.) The rejection was based in part on a false association with the North Atlantic Treaty Organization. (*Id.*) The rejected applications did not relate to watches, but to other

types of goods, including decals, metal bottle caps, flashlights, lip balm, energy bars, and tents. (ECF No. 67, PageID #524 n.3; ECF No. 68, PageID #644 n.1.)

## STATEMENT OF THE CASE

International Watchman filed this action on October 3, 2019, raising claims of trademark infringement, counterfeiting, and unfair competition against several Defendants, although Barton Watchbands is one of only two Defendants who remain. . (ECF No. 1.) Barton Watchbands answered the complaint and asserted several defenses, including that Plaintiff's claims are barred because the mark is generic and suggests a false association with the North Atlantic Treaty Organization. (ECF No. 43, ¶¶ E–F, PageID #235.)

At the Court's direction (ECF No. 44), International Watchman and Barton Watchbands filed cross-briefs on the propriety of a stay pending a ruling by the TTAB in the *Watching Time* cancellation proceeding. International Watchman filed a brief against a stay and subsequently submitted three supplemental briefs. (ECF Nos. 50, 64, 65 & 68.) Barton Watchbands filed a cross-brief and two supplemental notices in support of a stay. (ECF Nos. 51, 63 & 67.)

### A. Barton Watchbands' Arguments

Barton Watchbands requests a stay of this litigation in light of the TTAB's pending cancellation proceeding in *Watching Time* and Plaintiff's appeals before the TTAB. (ECF No. 67, PageID #522.) Barton Watchbands argues the TTAB proceedings will determine whether Plaintiff owns enforceable trademark rights in the mark and that those proceedings will likely end before this litigation would reach trial on the merits. (ECF No. 67, PageID #524–25.) In sum, Barton Watchbands

argues a stay would be judicially efficient, will not prejudice Plaintiff, and is the most equitable option. (ECF No. 67, PageID #526.)

### B. Plaintiff's Arguments

International Watchman responds that a stay will not improve judicial efficiency because the TTAB's decisions are appealable to federal district courts or the Federal Circuit. (ECF No. 68, PageID #645–46.) Although Plaintiff maintains cancellation is unlikely, it assures the Court it will appeal cancellation of its mark if the TTAB orders cancellation. (ECF No. 68, PageID #650.) Plaintiff also argues a stay should not be ordered because Barton Watchbands is not a party to the TTAB proceedings and it would be unprecedented to stay based on proceedings that do not involve both parties. (*Id.*, PageID #645.) Further, Plaintiff argues even if the mark creates a false association, that issue is not properly before the Court because Barton Watchbands lacks standing to argue false association on behalf of the North Atlantic Treaty Organization. (*Id.*, PageID #647–49.) Plaintiff also argues it will be prejudiced because a stay undermines the "presumption of non-genericness" afforded to registered marks. (*Id.*, PageID #651.) Finally, Plaintiff argues this case, originally filed on October 3, 2019, is too far along to permit a stay. (*Id.*, PageID #652.)

## LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citations omitted). Incident to that inherent authority is the "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). But courts

5

"must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. United States Dist. Court, S. Dist., etc.*, 565 F.2d 393, 396 (6th Cir. 1977). Where a stay is granted, it must be moderate and courts should avoid disrupting "a statutory or administrative timetable." *Id.* (citation omitted).

Barton Watchbands, as the proponent for a stay, bears the burden of establishing its need. *Clinton*, 520 U.S. at 709. Barton Watchbands must establish "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. Having reviewed the parties' briefing on the matter, the Court is not persuaded that a stay is appropriate and declines to exercise its discretion to grant Barton Watchbands' request for one.

## ANALYSIS

Courts commonly consider five factors when deciding whether to grant a stay: "(1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Cybergenetics Corp. v. Inst. of Envtl. Sci. & Rsch*, No. 5:19-CV-1197, 2020 WL564217, at *2 (N.D. Ohio Jan. 27, 2020) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)).

Barton Watchbands specifically asks the Court to consider three factors to determine whether to stay this litigation pending the TTAB proceedings : "(1) judicial efficiency as measured by the state of the civil litigation and the stay's potential to simplify the issues; (2) harm or unfair prejudice to the non-moving party that will

6

result from the grant of a stay; and (3) the hardship and inequity to the moving party if the stay is denied." (ECF No. 67, PageID #525 (quoting *Tigercat Int'l., Inc. v. Caterpillar, Inc.*, 2018 WL 2049816, at *2 (D. Del. May 2, 2018).). Because Plaintiff also focuses on those three factors in its response, the Court addresses each here.

## I. Judicial Efficiency

When examining whether a stay will serve judicial efficiency, courts examine the stage of the civil litigation and whether the stay will simplify the issues. *Tigercat Int'l.*, 2018 WL 2049816, at *2.

### I.A. Stage of Litigation

Plaintiff initiated this litigation on October 3, 2019. Although the case has been pending for over two years, not much has happened other than dismissal of several Defendants through settlement or other agreements. In part because of the briefing on whether to stay, this case has not progressed past the pleading stage. In contrast, the TTAB cancellation proceeding involving Plaintiff and Watching Time was filed November 18, 2017, some two years before this action. The TTAB proceedings are currently suspended pending expert discovery and are set to resume on May 11, 2021. (ECF No. 67-4.) While the TTAB proceeding has progressed, the Court considers this case to be in the early stages of litigation, which weighs in favor of a stay. *Tigercat Int'l.*, 2018 WL 2049816, at *3.

### I.B. Simplification of Issues

Resolution of the *Watching Time* proceeding before the TTAB will not necessarily simplify the issues in this case. Whatever the outcome of the *Watching Time* cancellation, the TTAB's decision is appealable to federal district courts or the

7

the Federal Circuit. *Kellogg Co. v. Toucan Golf, Inc.*, 337 F.3d 616, 622–23 (6th Cir. 2003) (citing *In re Thrifty, Inc.*, 274 F.3d 1349, 1350 (Fed. Cir. 2001)). On appeal to a federal court, the court must review the TTAB's decision *de novo*, *id.* (citing 15 U.S.C. § 1071(b)(1)), and may review new evidence not presented to the TTAB, *id.* (citing *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999)). The TTAB's decision may be "highly instructive and persuasive" of the issues at hand, *Tigercat*, 2018 WL 2049816, at *4, but is also "rebuttable, not binding, and would require the same factual issues to be litigated again if challenged in this court," *National Staffing*, 2020 WL 6149916, at *2 (citation omitted). Accordingly, to the extent the issues of genericism and false association are at issue here, the TTAB's resolution of those issues in the *Watching Time* proceeding or Plaintiff's TTAB appeals will not necessarily simplify or expedite their resolution in this case.

In addition, the validity of a mark and whether that mark was infringed upon are different issues, meaning that resolution of validity by the TTAB may not resolve the infringement issue here. *W & G Tenn. Imps., Inc. v. Esselte Pendaflex Corp.*, 769 F. Supp. 264, 265 (M.D. Tenn. 1991). Therefore, the Court finds no reason to delay these proceedings simply based on the shared issues involved. *See National Staffing*, 2020 WL 6149916, at *2 (explaining that the TTAB's ruling on cancellation of registration is not enough to justify a stay of litigation alleging trademark infringement); *Cornerstone Sys. v. Cornerstone Transp. Servs.*, No. 2:09-cv-02449-JPM-dkv, 2010 WL 1882074, at *2 (W.D. Tenn. May 11, 2010) (denying stay where case involved "claims of trademark infringement, Tennessee state law claims, and

8

the appropriateness of injunctive or monetary relief" because the "TTAB's sole exercise of jurisdiction is limited to issues of trademark registration"). This cuts against staying this action.

## II. Prejudice

The Court next considers whether a stay will harm or unfairly prejudice Plaintiff, *Tigercat Int'l.*, 2018 WL 2049816, at *2, and finds that it will to some degree. This lawsuit is Plaintiff's means to enforce and protect the mark. "Unlike a federal district court, TTAB cannot provide relief for an infringement claim, 'either injunctive or by way of damages.'" *National Staffing*, 2020 WL 6149916, at *3 (quoting *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1163 (9th Cir. 2007)). Further, Plaintiff is entitled to prompt resolution of the alleged infringement, which a stay would impede. *Goya Foods, Inc. v. Tropicana Prods.*, 846 F.2d 848, 854 (2d Cir. 1988). Delaying these proceedings will therefore cause some prejudice to International Watchman by further delaying potential relief on its infringement and state law claims.

## III. Hardship and Inequity to Barton Watchbands Without a Stay

Finally, the Court considers whether Barton Watchbands will suffer hardship or inequity without a stay. *Tigercat Int'l.*, 2018 WL 2049816, at *2. As the movant, Barton Watchbands "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [*sic*] else." *Landis*, 299 U.S. at 255. According to Barton Watchbands, the harm it will suffer if its request is denied is that it will be forced "to defend a baseless lawsuit . . . ." (ECF No. 67, PageID #67.) Balanced against the potential prejudice a stay will cause Plaintiff, Barton Watchbands having

9

to participate in a lawsuit as a named party does not constitute sufficient hardship or inequity to merit a stay.

Barton Watchbands argues that Plaintiff is a serial filer of trademark infringement claims and that no trademark case it has filed has ever made it to final judgment. (ECF No. 67, PageID #529.) Even assuming that to be true, proceeding as the Defendant in this case gives Barton Watchbands the opportunity to pursue a final judgment against Plaintiff. A stay delays that ultimate resolution. Both parties will benefit from a more immediate final judgment from this Court. *See W & G Tenn. Imports*, 769 F. Supp. at 266–67 (noting that delaying final determination on a trademark claim before the district court "would be unfair to both parties"). Further, there is no risk to Barton Watchbands of duplicative or wasteful discovery in proceeding here because it is not a party to the *Watching Time* proceeding. *See National Staffing*, 2020 WL 6149916, at *3 (ability to avoid duplicative discovery weighed in favor of proceeding).

As a non-party to the *Watching Time* cancellation, Barton Watchbands lacks a voice in that proceeding. Barton Watchbands has an interest in defending itself in these proceedings rather than relying on the arguments in *Watching Time* at the TTAB. If the TTAB proceedings result in rulings adverse to Plaintiff, it may direct the Court to those rulings for consideration as persuasive authority while it simultaneously defends itself in this case and suffers no harm from proceeding in this litigation in the interim. Because Barton Watchbands it is not a party to the TTAB proceedings, it will be spared the risk of simultaneous litigation of similar issues

10

before different adjudicatory bodies if this matter proceeds. On balance, delaying these proceedings will neither promote judicial efficiency nor benefit the parties.

## CONCLUSION

Considering all the relevant factors—judicial efficiency, prejudice to International Watchman, and hardship or inequity to Barton Watchbands—the Court **DENIES** Barton's request for a stay.

**SO ORDERED.**

Dated: March 8, 2021

*[signature]*

J. Philip Calabrese
United States District Judge
Northern District of Ohio